Eastern District of Kentucky
F I L E D

AUG 17 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-420-GWU

FRANKLIN O. JOHNSTON, JR.,             PLAINTIFF,

VS:             MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT,

## INTRODUCTION

Franklin Johnston brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Johnston, a 35 year-old former operations supervisor, cabinet maker, stainless tubing plant supervisor, truck driver, and heavy equipment operator with a high school education, suffered from impairments related to discogenic and degenerative disorders of the back, osteopenia, polysubstance dependence, an anxiety disorder, and a depressive disorder. (Tr. 12). Based upon the plaintiff's polysubstance abuse and mood disorder, he would be totally disabled. (Tr. 25). However, provided the claimant abstained from substance abuse, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.[1] (Tr. 25-26). Since the available work was found to constitute a significant number of jobs in the national economy, the

---

[1] An amendment enacted in 1996 to the Social Security Act, codified at 42 U.S.C. Section 423(d)(2)(C) provides that "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would [but for this subparagraph] be a contributing factor material to the Commissioner's determination that the individual is disabled."

5

plaintiff could not be considered totally disabled. (Tr. 26). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security Benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Susan Kehoe included an exertional limitation to light level work along with a "fair" ability to relate to others and adapt in a work setting. (Tr. 779). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 780). Therefore, assuming that the vocational factors considered by Kehoe fairly characterized Johnston's mental condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question question, the undersigned can find no error. No treating or examining source of record, including the staff at St. Joseph Hospital (Tr. 163-179), the staff at the Baptist Regional Medical Center (Tr. 236-255, 328-376), the staff at Marymount Medical Center (Tr. 256-276, 610-673), Dr. Bobby Kidd (Tr. 277-282), the staff at the Corbin Family Practice Clinic (Tr. 576-593, 674-690), the staff at the University of Kentucky Medical Center (Tr. 594-609), Dr. Robert Friedler (Tr. 691-707), and Dr. Bharati Prasad (Tr. 708-715), identified the existence of more severe physical restrictions than those found by the ALJ. Dr. Kidd specifically noted that the plaintiff's physical examination had been normal.

6

(Tr. 280). The claimant has not argued that the ALJ erred in evaluating his physical condition. Therefore, the ALJ dealt properly with the evidence relating to Johnston's physical status.

The ALJ did not deal properly with the evidence relating to Johnston's mental status. Dr. Kevin Eggerman examined the plaintiff and diagnosed polysubstance dependence and an anxiety disorder. (Tr. 287). Dr. Eggerman indicated that the claimant would have a "fair" ability to understand and remember moderately complex and complex instructions, relate to co-workers and supervisors, persist on tasks and tolerate work stresses. (Tr. 288). These are more severe mental restrictions than those presented to the vocational expert. More severe mental restrictions were also reported by Psychologist Edward Ross, (Tr. 289-290) and Ann Demaree (Tr. 294-295). The "moderate" limitation of ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances indicated by Ross was clearly in the question nor were Demaree's restrictions regarding maintaining attention and concentration for extended time periods, or completing a normal workday and workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision should be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment

7

and order will be entered simultaneously consistent with this opinion.

    This the ___17___ day of August, 2005.

                                          G. WIX UNTHANK
                                          SENIOR JUDGE